**This order is SIGNED.**

**Dated: March 27, 2020**



**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>BRENT DAVID CHRISTENSEN and<br>JO-ANN HALL CHRISTENSEN,<br><br>Debtors. | Bankruptcy Case No. 15-29773<br>Chapter 13 |
| BRENT DAVID CHRISTENSEN and<br>JO-ANN HALL CHRISTENSEN,<br><br>Plaintiffs,<br><br>v.<br><br>GARY E. JUBBER, DOUGLAS J.<br>PAYNE, and FABIAN VANCOTT,<br><br>Defendants. | Hon. R. Kimball Mosier<br><br>Adversary Proceeding No. 19-2059 |

### MEMORANDUM DECISION

Brent and Jo-Ann Christensen commenced the above-captioned adversary proceeding against Gary Jubber, the former chapter 7 trustee in their main bankruptcy case; Fabian VanCott, the law firm employed as Jubber's general counsel in that case; and Douglas Payne, an attorney at that firm who performed a substantial amount of work for Jubber as general counsel (collectively with Jubber and Fabian VanCott, the Trustee). The Christensens' complaint

principally alleges that the Trustee breached certain fiduciary duties by attempting to sell their residence. In response the Trustee filed a motion to dismiss the complaint for failure to state a claim and on grounds of immunity. The parties fully briefed the matter, and the Court conducted a hearing on the Trustee's motion. After considering the parties' memoranda and oral arguments, and after conducting an independent review of applicable law, the Court issues the following Memorandum Decision granting the Trustee's motion to dismiss.

## I. JURISDICTION

The Court's jurisdiction over this adversary proceeding is properly invoked under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), and the Court may enter a final order. Venue is proper under 28 U.S.C. § 1409.

## II. FACTUAL BACKGROUND

The Court's two prior decisions in this case provide a detailed history of the events leading to the current procedural juncture. For the sake of brevity, the Court incorporates the facts of those decisions herein by reference[1] and recites an abridged version here. The Christensens originally filed for relief under chapter 7. Among their assets was a home against which the IRS had filed a substantial lien, which left the home over-encumbered as of the petition date. The Trustee moved to sell the home and, in conjunction with that sale, reached a

---

[1] *In re Christensen* (*Christensen I*), 561 B.R. 195 (Bankr. D. Utah 2016), *aff'd sub nom. Jubber v. Bird (In re Bird)*, 577 B.R. 365 (10th Cir. BAP 2017); *In re Christensen* (*Christensen II*), 598 B.R. 658 (Bankr. D. Utah 2019). The Court notes that those prior decisions also dealt with the case of John Bird, which the Court joined with the Christensens' case for purposes of those decisions because it had the same procedural background and presented the same issues as the Christensens' case. The current decision does not involve Mr. Bird because he has not commenced an adversary proceeding against the Trustee as the Christensens have. As a result, the factual background in this decision will focus exclusively on the Christensens.

2

stipulation with the IRS whereby it would provide a $10,000 carve-out to the estate while the Trustee's fees would be paid from the IRS's lien under 11 U.S.C. § 724(b).[2] The stipulation expressly provided that it was "subject to entry of an order by the United States Bankruptcy Court for the District of Utah in the [Christensens' bankruptcy case] approving [it]."[3] The Trustee then filed a motion seeking Court approval of that stipulation.[4]

The Christensens objected to the proposed sale in part because the Trustee did not propose to pay them anything on account of their claimed homestead exemption, meaning they would lose their home without receiving proceeds they could use to rent or purchase a new residence.[5] Before the Trustee filed a motion to sell the Christensens' home, they had filed a motion to compel the Trustee to abandon it, contending that it was burdensome and of inconsequential value to the estate. The Trustee objected to that motion. The Trustee's actions in seeking to sell the Christensens' home—including the refusal to abandon it, the objection to the Christensens' exemption therein, and the stipulation reached with the IRS—form the basis of their complaint in this case.

Before the Court could rule on the sale motion, the motion to approve the stipulation, and the abandonment motion, the Christensens converted their case to one under chapter 13. The Trustee subsequently filed applications for compensation for work done while the case was in

---

[2] All subsequent statutory references are to title 11 of the United States Code unless otherwise indicated.
[3] Docket No. 26 in Case No. 15-29773, at 4. The Trustee's motion to sell also "expressly provided that the real estate purchase contract[] entered into with the buyer[] [was] conditioned on the Court's approval of the [s]tipulation[]." *Christensen I*, 561 B.R. at 200.
[4] Docket No. 28 in Case No. 15-29773.
[5] The Trustee had objected to the Christensens' claimed homestead exemption on the basis that there was no equity in their home to which the exemption could attach. The Court overruled the objection and allowed the homestead exemption. The Trustee then appealed the Court's order allowing the exemption to the U.S. District Court for the District of Utah. Before that court could rule on the merits, however, the Christensens disclaimed their homestead exemption, rendering the appeal moot. *See Jubber v. Christensen*, No. 2:16-cv-00216-JNP-DBP, 2016 WL 6839383 (D. Utah Nov. 21, 2016).

3

chapter 7, which the Court denied in their entirety. The Court held that the Trustee's efforts to sell the Christensens' home were not necessary to the administration of the case nor reasonably likely to benefit the Christensens' estate.[6] The Trustee appealed.

Approximately ten months after the Bankruptcy Appellate Panel for the Tenth Circuit affirmed this Court's decision on the Trustee's applications for compensation, the Christensens filed a motion for leave to sue the Trustee "in 'an appropriate forum.'"[7] The Court denied the motion, determining that the *Barton* doctrine prevented the Christensens from suing the Trustee in state or federal district court. But that decision expressly did "not preclude the [Christensens] from filing suit" against the Trustee in this Court if they decided to do so.[8] The Christensens commenced this adversary proceeding about three months later.

### III. DISCUSSION

**A. Legal Standard Under Rule 12(b)(6)**

To avoid dismissal under Rule 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face."[9] Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] Where the well-pleaded facts "are 'merely consistent with' a defendant's liability," the plaintiff has not crossed the "'line between possibility and plausibility of entitlement to relief.'"[11] A court reviewing a complaint under Rule 12(b)(6) must "accept as

---

[6] *Christensen I*, 561 B.R. at 217-18.
[7] *Christensen II*, 598 B.R. at 663 (quoting Docket No. 220 in Case No. 15-29773, at 3).
[8] *Id.* at 674.
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
[11] *Id.* (quoting *Twombly*, 550 U.S. at 557).

4

true all well-pleaded factual allegations . . . and view them in the light most favorable to the [plaintiff]."[12] Bare assertions and conclusory allegations are not entitled to the presumption of truth, however, nor are legal conclusions.[13]

The Christensens' complaint alleges four counts: two for breach of fiduciary duty, one each against Jubber and Fabian VanCott; one for negligence against Fabian VanCott; and one for civil conspiracy against Jubber and Fabian VanCott. Because a negligence claim—which alleges a breach of the applicable duty of care—is a type of breach of fiduciary claim, the Court will address the first three counts together and the civil conspiracy count separately.

### B. The Christensens' Breach of Fiduciary Duty Claims

The Code does not state what a bankruptcy trustee's fiduciary duties are.[14] Instead, "bankruptcy courts have fashioned a common law of trusts for use in bankruptcy cases."[15] That common law describes a trustee's fiduciary duties in diverse ways, but commonly boils them down to three main kinds: "the duty of care (i.e., the obligation not to act negligently), the duty of loyalty (i.e., the obligation not to act in the fiduciary's own interests), and the duty of obedience (i.e., the obligation not to act outside the fiduciary's permitted authority)."[16]

---

[12] *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (citation and internal quotation marks omitted).
[13] *Iqbal*, 556 U.S. at 678, 681.
[14] *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 6 (1st Cir. 1999).
[15] Daniel B. Bogart, *Finding the Still Small Voice: The Liability of Bankruptcy Trustees and the Work of the National Bankruptcy Review Commission*, 102 Dick. L. Rev. 703, 709 (1998); *see also Christensen II*, 598 B.R. at 668 ("[A] trustee's fiduciary obligations . . . are creatures of common law." (citing *Baron v. Sherman (In re Ondova Ltd.)*, Adv. No. 14-03121-SGJ, 2017 WL 477776, at *12 (Bankr. N.D. Tex. Feb. 1, 2017), *report and recommendation adopted*, No. 3:16-CV-00947-M, 2018 WL 580151 (N.D. Tex. Jan. 26, 2018), *aff'd*, 914 F.3d 990 (5th Cir. 2019))).
[16] Elizabeth H. McCullough, *Bankruptcy Trustee Liability: Is There a Method in the Madness?*, 15 Lewis & Clark L. Rev. 153, 161 (2011) (quoting *In re Dalen*, 259 B.R. 586, 610 (Bankr. W.D. Mich. 2001)). A trustee's duties have alternatively been described as the duty of care, the duty of loyalty, and "the duty to treat beneficiaries impartially." *Hunter v. Madrid (In re Hunter)*, 553 B.R. 866, 872 n.4 (Bankr. D.N.M. 2016) (citing *Withers v. Teachers' Retirement Sys.*, 447 F.Supp. 1248, 1257 (S.D.N.Y. 1978)). Because the Christensens' complaint concerns only the first two duties and because a bankruptcy trustee plainly owes those duties to estate beneficiaries, the Court need not opine on how to characterize a trustee's additional duties beyond the duties of care and loyalty.

The first, second, and third counts in the complaint ultimately allege that Jubber and Fabian VanCott breached their duties of loyalty and care, though the complaint gets there in a roundabout way. The first count, which applies exclusively to Jubber, alleges that he owed the Christensens—as well as "all participants in the bankruptcy proceeding who would be adversely affected by [a] breach"—a host of fiduciary duties.[17] Those include the duties: (1) to exercise due care, diligence, and skill in performing his responsibilities as trustee; (2) to act primarily for the benefit of unsecured creditors; (3) to abandon fully encumbered assets; (4) to not administer or liquidate assets if the proceeds of liquidation would primarily benefit the Trustee; (5) to protect the Christensens' exempt interest in their residence and to not impair the Christensens' exempt interest primarily for his benefit; and (6) to not act out of self-interest—to not take actions primarily for his personal benefit or interest.[18] The first and sixth duties plainly allege that Jubber owed the Christensens the duties of care and loyalty. The Christensens appear to have derived the remainder from the Handbook for Chapter 7 Trustees (Trustee Handbook).[19] While the Trustee Handbook recognizes on multiple occasions that chapter 7 trustees owe fiduciary duties and provides such trustees with "detail on the nuts-and-bolts of case administration"[20] to fulfill those duties, the Court declines to endorse the additional alleged duties drawn by the

---

[17] Docket No. 1 in Adv. No. 19-2059, ¶ 36.
[18] *Id.* ¶¶ 30-35.
[19] The fourth alleged duty, for example, neatly matches the Trustee Handbook's command that a "trustee shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals." Exec. Office for U.S. Trustees, U.S. Dep't of Justice, Handbook for Chapter 7 Trustees, 4-1 (2012). Similarly, the Christensens' allegation that Jubber owed them a duty to protect their exempt interest in their residence corresponds with the requirement that trustees protect "the debtor's interest in exemptions and in any possible surplus property." *Id.* at 4-2. In addition, the alleged duty to abandon fully encumbered assets conforms with the Trustee Handbook's directive that, "[i]n asset cases, when the property is fully encumbered and of nominal value to the estate, the trustee must immediately abandon the asset . . . ." *Id.* at 4-7. Even the alleged duty to act primarily for the benefit of unsecured creditors, which is not stated expressly in the Trustee Handbook, perhaps finds implicit support in the statement that, in general, "a trustee should not sell property subject to a security interest unless the sale generates funds for the benefit of unsecured creditors." *Id.* at 4-16.
[20] *Christensen I*, 561 B.R at 203.

Christensens from the Trustee Handbook as independent fiduciary duties of a trustee. Instead, the Court views them as extensions of the duties of care and loyalty.[21] To the extent the Christensens assert that they are independent duties, such allegations are legal conclusions not entitled to the presumption of truth under Rule 12(b)(6). Consequently, the Court concludes that the complaint plausibly alleges that Jubber owed the duties of care and loyalty.

The second count, which applies exclusively to Fabian VanCott, alleges that it owed the Christensens the same fiduciary duties as stated in the first count as well as the "duty to exercise due care, diligence, and skill in representing Jubber and the estate."[22] The third count, which alleges a claim of negligence exclusively against Fabian VanCott, repeats the second count's assertions of duties owed by Fabian VanCott.[23] The Court therefore concludes that the complaint plausibly alleges that Jubber and Fabian VanCott owed the duties of care and loyalty.[24] A trustee in bankruptcy certainly owes those duties and, because it is not material to this decision, the Court will assume, without deciding, that a trustee's counsel also owes those duties.

---

[21] The Court had previously concluded in *Christensen II* that the second, third, and fourth duties, which duplicate those alleged in the Christensens' draft complaint filed in conjunction with their motion to sue the Trustee, were three different ways of "alleging that the Trustee's fiduciary duties included the duty of loyalty." *Christensen II*, 598 B.R. at 670 n.53. To be sure, the fourth alleged duty and the latter half of the fifth—both of which focus on barring Jubber from taking action primarily for his benefit—clearly implicate the duty of loyalty because they would prohibit self-dealing.

It is possible, however, to view some of the alleged duties, such as the duty to protect a debtor's exempt interest in property or to abandon fully encumbered assets, as extensions of the duty of care. A trustee's duty of care concerns how he carries out his responsibilities of estate administration, and those two alleged duties seem more closely concerned with how a trustee exercises his skill as a trustee than with whether a trustee has acted in such a way as to prefer himself over beneficiaries.

The Court need not resolve this admittedly interesting taxonomic classification because it is not material to this decision. It is enough to say that the complaint alleges that Jubber owed the Christensens the duties of care and loyalty, and that the remaining alleged duties are simply extensions of those duties.

[22] Docket No. 1 in Adv. No. 19-2059, ¶¶ 45-46.

[23] *Id.* ¶¶ 54-55. The only difference is that the third count alleges that Fabian VanCott owed duties, rather than fiduciary duties, to the Christensens. But as noted previously, the duty of care is a fiduciary duty.

[24] The complaint does not specifically allege that Payne owed any fiduciary duties—in fact, none of the counts in the complaint refer to Payne at all. Because Jubber hired Fabian VanCott and Payne as his general counsel in the Christensens' case, and because it will not affect the outcome of this decision, the Court will treat Payne as included in Fabian VanCott for purposes of this analysis.

To whom a trustee and his counsel owe such duties represents a horse of a different color, however. A trustee owes fiduciary duties solely to the bankruptcy estate and its beneficiaries,[25] and, as a result, only beneficiaries can bring claims for breach of those duties against the trustee. The term "estate beneficiaries" encompasses creditors of all kinds and, in appropriate cases, shareholders.[26] As the Court noted in *Christensen II*, a debtor counts as an estate beneficiary generally "only if the debtor has an interest in surplus proceeds distributed under § 726(a)(6) or properly exempted property of the estate."[27] The complaint does not allege the existence of a surplus, so the only basis for the Christensens' status as estate beneficiaries is the assertion that they claimed a homestead exemption in their residence. The Court will assume, without deciding, that the Christensens constitute estate beneficiaries and that, as a consequence, the Trustee owed them the duties of care and loyalty.[28] The Court concludes, however, that the complaint fails to state a claim for breach of those duties because the facts pleaded therein do not plausibly allege the existence of a breach.

---

[25] *See U.S. Tr. v. Bloom (In re Palm Coast, Matanza Shores Ltd. P'ship)*, 101 F.3d 253, 258 (2d Cir. 1996) ("As with any trustee, a bankruptcy trustee owes a duty of loyalty to the beneficiaries of the trust." (citation omitted)); *Schechter v. Ill. Dep't of Revenue (In re Markos Gurnee P'ship)*, 182 B.R. 211, 219 (Bankr. N.D. Ill. 1995) ("Beyond the statutory duties, bankruptcy trustees owe to the beneficiaries of the estate the usual common law trust duties, such as the duty of loyalty, which proscribes self-dealing." (citing *Mosser v. Darrow*, 341 U.S. 267, 271 (1951))), *aff'd*, 195 B.R. 380 (N.D. Ill. 1996). The Christensens' allegation that Jubber owed fiduciary duties "to all participants in the bankruptcy proceeding who would be adversely affected by any breach of [such] duties" is an imprecise and, to the extent it alleges that Jubber owed fiduciary duties to non-beneficiaries, an incorrect statement of the law.
[26] *Pergament v. Varela (In re Varela)*, 530 B.R. 573, 584 (Bankr. E.D.N.Y. 2015) (citation omitted). Some courts have emphasized that a trustee owes a primary fiduciary responsibility to unsecured creditors in particular. *In re Lundborg*, 110 B.R. 106, 109 (Bankr. D. Conn. 1990) (citations omitted).
[27] *Christensen II*, 598 B.R. at 668 (collecting cases); *see also In re Kile*, 415 B.R. 723, 728 (Bankr. D. Ariz. 2009) ("Where there are surplus funds, the trustee also owes a fiduciary duty to the debtor." (citations omitted)).
[28] It is important to note that if the Christensens were not estate beneficiaries they would be third parties to the estate, and the Trustee would owe them no fiduciary duties. In such circumstances a fiduciary analysis would be inappropriate.

Claims for breach of the duties of care and loyalty require, as their names imply, the plaintiff to plausibly allege the existence of a breach.[29] Courts evaluate a breach of the duty of care according to an objective standard of behavior expected of bankruptcy trustees:

> [T]he standard of care for a bankruptcy trustee is the exercise of due care, diligence and skill both as to affirmative and negative conduct; and . . . the standard or measure of care, diligence and skill is that of an ordinarily prudent man in the conduct of his private affairs under similar circumstances and with similar objects in view.[30]

By contrast, a "trustee's duty of loyalty is defined and measured by his or her personal disinterestedness and 'unstinted' devotion to the trust."[31] The Christensens argue that the Trustee breached the duties of care and loyalty "by attempting to sell [the] Christensens' residence where the primary benefit of the sale would be to [the Trustee] and the IRS," and, with respect to Fabian VanCott, by its failure "to advise Jubber of the impropriety of [that] course of action."[32]

The Court concludes that these and other related allegations in the complaint do not allow it to draw the reasonable inference that the Trustee committed a breach of the duties of care or loyalty. As long as a trustee gives notice of his intended actions to parties in interest and requests the court's imprimatur before taking those actions, he can breach neither his duty of care nor his duty of loyalty. The complaint does not allege, however, that the Trustee failed to give such notice or seek such approval. To the contrary, all of the Trustee's actions—and the clear

---

[29] *See, e.g.*, *Giles v. Mineral Res. Int'l*, 338 P.3d 825, 827 (Utah Ct. App. 2014) (stating the elements of a breach of fiduciary duty claim under Utah law); *Gables at Sterling Village Homeowners Ass'n, Inc. v. Castlewood-Sterling Village I, LLC*, 417 P.3d 95, 110 (Utah 2018) (stating the elements of a negligence claim under Utah law).

[30] *Sherr v. Winkler*, 552 F.2d 1367, 1374 (10th Cir. 1977) (citing *Johnson v. Clark (In re Johnson)*, 518 F.2d 246 (10th Cir. 1975)); *see also In re Rollins*, 175 B.R. 69, 74 (Bankr. E.D. Cal. 1994) ("The measure of care, diligence and skill required of a bankruptcy trustee is that of an ordinarily prudent man in the conduct of his private affairs under similar circumstances and of a similar object in view . . . ." (quoting *Reich v. Burke (In re Reich)*, 54 B.R. 995, 998 (Bankr. E.D. Mich. 1985))).

[31] McCullough, *supra* note 16, at 162 (citing *Dye v. Brown (In re AFI Holding, Inc.)*, 530 F.3d 832, 845 (9th Cir. 2008) *and Wootten v. Wootten*, 151 F.2d 147, 150 (10th Cir. 1945)).

[32] Docket No. 1 in Adv. No. 19-2059, ¶¶ 38, 48, 57.

intentions behind those actions—were out in the open for interested parties to see and placed before the Court for its consideration.

To wit, the Trustee filed motions to sell the Christensens' residence and to approve the stipulation with the IRS. The Trustee gave notice of both motions to parties in interest and brought them before the Court for adjudication. The Trustee also expressly made the sale and the stipulation subject to Court approval and did not proceed with either one without the Court rendering its decision on them. What's more, the Trustee objected to the Christensens' homestead exemption and abandonment motion, putting those issues squarely before the Court.[33] This was not a case like *Mosser*, where the trustee entered into a "highly irregular" arrangement without court approval that was later found to violate his duties.[34] Instead, the Trustee was forthcoming rather than furtive; insistent on Court approval rather than indifferent to it. Nor was it a case like *Rollins*, where the trustee belatedly sought court approval to protect himself from a breach of fiduciary duty that had already occurred.[35] Here, the Trustee had requested the Court's consent before taking any action. Accordingly, the Trustee did not breach the duties of care or loyalty in this case. This remains true even though the Court had not decided the sale motion or the motion to approve the stipulation when the Christensens converted this case to one under

---

[33] The Court takes judicial notice of these and other facts even though the Christensens did not allege all of them in the complaint. Doing so does not require that the Court convert the Trustee's motion to dismiss into one for summary judgment, however, since they are part of the record in the main bankruptcy case. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record." (citations and internal quotation marks omitted)).

[34] *Mosser*, 341 U.S. at 274. The Supreme Court noted that if such an arrangement "was of advantage to the trust, this might have been fully disclosed to the court and the creditors cited to show cause why it should not have been openly authorized." *Id.*

[35] *Rollins*, 175 B.R. at 74-78 (finding the trustee liable for negligence).

10

chapter 13. The relevant fact is that the Trustee had sought Court endorsement of the proposed actions and had not taken those actions in the absence of the Court's approval.

It also remains true even though the Trustee's actions were controversial and vehemently resisted by the Christensens. Nearly seventy years ago, the Supreme Court noted that "[t]he practice is well established by which trustees seek instructions from the court, given upon notice to creditors and interested parties, as to matters which involve difficult questions of judgment."[36] Other courts have cited that principle in the more recent past:

> In some circumstances trustees may be in doubt as to whether certain action they contemplate would be a violation of their fiduciary duties. Rather than avoiding all such action or engaging in the action at the risk of a surcharge, the trustees may seek a ruling from the bankruptcy court, after giving full notice of all of the relevant facts to the interested parties.[37]

While bankruptcy courts may no longer hold the type of supervisory role over trustees that pertained prior to the adoption of the Code,[38] trustees should be encouraged to bring thorny matters that are likely to be contested before the courts for adjudication.[39] This Court declines to adopt a rule that would hold a trustee in breach of his fiduciary duties for merely following that procedure and pursuing a legal position, even if contentious and fervidly opposed by the trustee's own beneficiaries. Because the Trustee followed that procedure in this case—and thereby did not breach the duties of loyalty or care—the Court will grant the Trustee's motion to dismiss as to

---

[36] *Mosser*, 341 U.S. at 274.
[37] *Markos Gurnee P'ship*, 182 B.R. at 219.
[38] *See In re Zeus Am. Mgmt. Consultants, Inc.*, 27 B.R. 853, 854 (Bankr. N.D. Ohio 1983) ("Under the Code the judge is no longer a supervisor and advisor for trustees, but an impartial arbitrator of disputes which are properly brought before him."). *But see Lassman v. Reilly (In re Feeley)*, 393 B.R. 43, 48 (Bankr. D. Mass. 2008) ("[A] trustee is an officer of the court and remains under the supervision and direction of the bankruptcy court during the pendency of a Chapter 7 case." (quoting *Youngman v. Bursztyn (In re Bursztyn)*, 366 B.R. 353, 365 (Bankr. D.N.J. 2007))).
[39] Of course, some of these matters, such as sales of property, will come before the Court on notice to interested parties by virtue of the provisions of the Code and Bankruptcy Rules. *See* § 363(b) *and* Fed. R. Bankr. P. 6004.

11

the first three counts in the complaint. Without a plausibly alleged breach of duty, those three counts lack an essential element and fail to state a claim. The Court will therefore grant the Trustee's motion to dismiss as to those counts.

The Court's ruling that a trustee does not breach his duties of care or loyalty when he gives proper notice and seeks court approval of his proposed actions may sound like a particular aspect of the doctrine of derived judicial immunity, under which "a trustee acting with the explicit approval of a bankruptcy court is entitled to absolute immunity, as long as there has been full and frank disclosure to creditors and the court."[40] Despite that similarity, the Court wants to make abundantly clear that it is not engaging in an immunity analysis nor deciding this case on immunity grounds. Because this decision treats the Christensens as estate beneficiaries, the Court has applied a fiduciary analysis to their claims. And because the Court has determined, under such an analysis, that the Trustee did not breach the duties of care or loyalty, the Court does not reach the question of whether the Trustee is entitled to some form of immunity.[41] Some commentators who have decried the application of immunity principles in the context of breach of fiduciary duty claims brought by estate beneficiaries as improper[42] have nevertheless made

---

[40] *Mailman Steam Carpet Cleaning Corp.*, 196 F.3d at 8 (citation omitted). Other aspects of the doctrine include the principle that "so long as a trustee was acting within the scope of his authority, a trustee, like a judge, cannot incur personal liability." Bogart, *supra* note 15, at 717. Some courts have categorized acting with a bankruptcy court's explicit approval as a species of acting within the scope of a trustee's authority. *See Hunter*, 553 B.R. at 872 ("The most common example of a trustee acting within the scope of her authority is when she carries out a 'facially valid' court order." (citations omitted)).

[41] In particular, the Court need not address the Trustee's alternative ground for dismissal, i.e., that immunity shields the Trustee from liability.

[42] *See* Bogart, *supra* note 15, at 717-23 (discussing the "two absolutely distinct legal doctrines" of derived judicial immunity and fiduciary analysis); McCullough, *supra* note 16, at 162 ("[C]ourts mistakenly . . . have applied an immunity analysis when the trustee was sued by a beneficiary of the bankruptcy estate for an alleged breach of a fiduciary duty." (citing *In re Cont'l Coin Corp.*, 380 B.R. 1 (Bankr. C.D. Cal. 2007) *and Dana Commercial Credit Corp. v. Nisselson (In re Center Teleproductions, Inc.*, 112 B.R. 567 (Bankr. S.D.N.Y. 1990))). The Court notes that the Tenth Circuit's decision in *Sherr v. Winkler*, 552 F.2d 1367 (10th Cir. 1977), a target of rigorous criticism in those articles and from other quarters, has not been overturned and remains binding law in this circuit. While the Court is therefore bound to follow *Sherr* where it applies, the Court does not believe that this decision conflicts with *Sherr*. The Court therefore

exceptions and condoned the use of an immunity analysis in discrete fiduciary contexts.[43] Some courts have also done so.[44] Indeed, the Tenth Circuit has granted absolute quasi-judicial immunity to bankruptcy trustees, including against suits brought by debtors, when the trustees were "executing facially valid judicial orders."[45] Even so, the Court need not venture whether those circumstances exist here because it decides this case solely on fiduciary grounds.

**C. The Christensens' Civil Conspiracy Claim**

Civil conspiracy has five elements under Utah law: "(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof."[46] In addition, "in order to sufficiently plead a claim for civil conspiracy, a plaintiff is obligated to adequately plead the existence of [an underlying] tort. Where plaintiffs have not adequately

---

cites the Bogart and McCullough articles not to signal that this decision departs from *Sherr*, but merely to draw attention to the debate over fiduciary duties and immunity in the hope that parties inform themselves of it and other courts participate in it.

[43] *See* Bogart, *supra* note 15, at 720 ("There is only one instance in which it might be appropriate to say that a bankruptcy trustee is immune from suit against allegations that he acted negligently or disloyally. Such a situation may arise when the trustee receives specific instructions from the bankruptcy court to follow some course of action. If the trustee revealed all material information to the court and interested parties had notice and hearing, then the trustee, at worst, was following the specific instructions of the court and should be immune from suit, even as against beneficiaries of the trust." (citations omitted)); McCullough, *supra* note 16, at 171 ("[B]ased on the common law doctrine of immunity, bankruptcy trustees are afforded personal immunity from suits brought by beneficiaries of the bankruptcy estates if the acts or omissions in question are either (a) closely associated with a judicial process where private rights are being adjudicated or (b) expressly approved by a court.").

[44] *See, e.g.*, *Rollins*, 175 B.R. at 77 ("A trustee, who is subjected to a claim by a beneficiary of the bankruptcy estate, can claim a derived judicial immunity in one circumstance. If a trustee, prior to taking action, and after making a full disclosure of all relevant facts, obtains a court order, then acts on the basis of that order, he or she may be immune from any personal liability." (citations omitted)).

[45] *Gregory v. U.S. Bankr. Court for the Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991) (citing *Turney v. O'Toole*, 898 F.2d 1470, 1472-74 (10th Cir. 1990) *and Valdez v. City & Cty. of Denver*, 878 F.2d 1285, 1287-88 (10th Cir. 1989)); *see also Teton Millwork Sales v. Schlossberg*, 311 F. App'x 145, 150 (10th Cir. 2009) (unpublished) ("[A] court-appointed receiver has absolute quasi-judicial immunity if he is faithfully carrying out the appointing judge's orders . . . . In order to be immune, the receiver must act within the scope of his authority in carrying out a court order." (citations omitted)).

[46] *Timothy v. Pia, Anderson, Dorius, Reynard & Moss LLC*, 424 P.3d 937, 946 (Utah Ct. App. 2018) (citation and internal quotation marks omitted).

pleaded *any* of the basic torts they allege[,] dismissal of their civil conspiracy claim is appropriate."[47] While there appears to be some uncertainty regarding whether there is a difference between the underlying tort and unlawful, overt act requirements,[48] that is not material to this decision.

Civil conspiracy requires an unlawful, overt act, and the Christensens contend that the Trustee's breaches of fiduciary duties satisfy that essential element. But the Court's conclusion that the Christensens have failed to plead a plausible claim for breach of fiduciary duty or negligence means that those claims cannot serve as either an underlying tort or an unlawful, overt act in the context of their civil conspiracy claim. Moreover, the Christensens have not plausibly alleged the existence of an unlawful, overt act separate from their breach of fiduciary duty and negligence claims. The requirement that the overt act be unlawful is essential. "If the object of the alleged conspiracy or the means used to attain it is lawful, even if damage results to the plaintiff or the defendant acted with a malicious motive, there can be no civil action for conspiracy."[49] While the Court overruled the Trustee's objection to the Christensens' homestead exemption and disagreed with the Trustee's efforts to sell the Christensens' home, holding that they were neither necessary to the administration of the case nor reasonably likely to benefit the Christensens' estate,[50] the Trustee did not act unlawfully in seeking to sell that home. The assertion that the Trustee would receive compensation from the sale is not a plausible allegation of an unlawful, overt act. In addition, courts have diverged on the issue of whether a chapter 7 trustee can receive a carve-out from the sale of over-encumbered real property at the expense of

---

[47] *Id.* (citations and internal quotation marks omitted).
[48] *See id.* at 946-47.
[49] *Peterson v. Delta Air Lines, Inc.*, 42 P.3d 1253, 1257 (Utah Ct. App. 2002) (quoting *Israel Pagan Estate v. Cannon*, 746 P.2d 785, 792 (Utah Ct. App. 1987)).
[50] *Christensen I*, 561 B.R. at 217.

14

a debtor's homestead exemption in the property,[51] and the law in this district offered no binding precedent. The Trustee's attempt to achieve what has been permitted in other jurisdictions can hardly be declared unlawful, particularly when the means used to attain the object of the alleged conspiracy involved seeking Court approval on notice. Without a plausible allegation of an unlawful, overt act, the Christensens' civil conspiracy claim does not pass muster under Rule 12(b)(6), and the Court will grant the Trustee's motion to dismiss as to that claim.

### IV. CONCLUSION

Many sources have noted the confusion and inconsistency in decisions regarding a bankruptcy trustee's fiduciary duties. The Court hopes that this decision participates in the evolving dialogue concerning "the exact level of misconduct that subjects a bankruptcy trustee to personal liability for a breach of his or her fiduciary duties,"[52] by advancing the common law on that subject.

Here, the Court holds that where a bankruptcy trustee seeks court approval of his actions on notice to interested parties before taking them, he does not breach his duty of care or loyalty. Because the Christensens' complaint does not plausibly allege that the Trustee failed to provide notice or request this Court's consent—and because the record in the Christensens' case evinces that the contrary is true—the Christensens' claims for breach of fiduciary duty and negligence do not plausibly allege the existence of a breach. Without that essential element, those claims fail to state a claim under Rule 12(b)(6). Those claims' shortcomings necessarily lead to the same conclusion for the Christensens' civil conspiracy claim. The Court will grant the Trustee's

---

[51] *See id.* at 211-12 (reviewing cases).
[52] McCullough, *supra* note 16, at 188.

motion to dismiss. A separate Order and Judgment will be issued in accordance with this

Memorandum Decision.

_____END OF DOCUMENT_____

_____ooo0ooo_____

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing **MEMORANDUM DECISION** shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

| | |
|---|---|
| Leslie W. Slaugh | slaughl@provolawyers.com, coomesm@provolawyers.com |
| Michael Ronald Brown | mbrown@parsonsbehle.com |
| Zack L Winzeler | ecf@parsonsbehle.com, zwinzeler@parsonsbehle.com |

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

- None.